IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. BK06-40573-TLS |
| | ) | |
| ROBERT J. BONER, | ) | CH. 12 |
| | ) | |
|               Debtor. | ) | |
| JACK KREIDLER and | ) | ADV. NO. A08-04044-TLS |
| LINDA KULA, | ) | |
| | ) | |
|               Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| ROBERT J. BONER, | ) | |
| | ) | |
|               Defendant. | ) | |

**ORDER**

Hearing was held in Lincoln, Nebraska, on April 29, 2009, regarding the status of this adversary proceeding, as well as a Motion to Enforce Approved Stipulation filed by Defendant (Fil. #27) and an Objection filed by Plaintiffs (Fil. #33). James R. Korth appeared for Plaintiffs, and Joe M. Hawbaker appeared for Defendant.

On February 2, 2009, a Stipulation was filed with this Court settling this adversary proceeding (Fil. #19). The Stipulation was approved on February 3, 2009 (Fil. #20). The case was subsequently closed and on March 4, 2009, Plaintiffs filed a Motion to Reconsider Order Settling Adversary Complaint and Counterclaim and the order closing the case (Fil. #23). On April 9, 2009, this Court granted the motion and set the matter for a status hearing (Fil. #26). Following the setting of the status hearing, Defendant filed a Motion to Enforce Approved Stipulation (Fil. #27), which Plaintiffs opposed (Fil. #32).

The matter before this Court involves interpretation of the Stipulation (Fil. #19). Specifically, paragraph 2 of the Stipulation provides as follows: "Promptly upon approval by the Court of this Stipulation, Debtor shall surrender to Plaintiffs at Defendant's premises 50 cows, 3 bulls and 4 calves that are still on cows (the "Surrender Animals"), which Surrender Animals are in Defendant's possession."

It is undisputed that Defendant did surrender the requisite number of animals to Plaintiffs in a timely manner. However, upon sale of those animals, Plaintiffs discovered that four of the cows that were surrendered did not carry Plaintiffs' brand. Plaintiffs' position is that the Surrender Animals were supposed to be animals that Plaintiffs had previously leased to Defendant. As it turned out, all but four of the cows surrendered were cows leased by Plaintiffs to Defendant. The remaining four cows were determined to be owned by Defendant after an investigation by the

appropriate authority. Apparently those four cows brought a purchase price that was less than anticipated by Plaintiffs, and Plaintiffs believe they are entitled to damages for Defendant's failure to produce the requisite number of Surrender Animals.

Defendant's position is that the Surrender Animals did not have to be the same animals previously leased by Plaintiffs. Instead, he simply had to produce the requisite number of animals pursuant to paragraph 2 of the Stipulation and in the condition as required pursuant to the terms of the Stipulation. Defendant points out that Plaintiffs were given the opportunity pursuant to the Stipulation to approve the condition of the Surrender Animals and the right to void the Stipulation if they did not approve the condition under paragraph 3. In particular, paragraph 2 provides:

> Defendant's obligation is to produce for surrender the stated number of Surrender Animals. Plaintiffs are familiar with these animals as they have inspected them on a number of occasions, most recently on November 29, 2008. Plaintiff has no right to reject the Surrender Animals at the time of Surrender or after.

By Plaintiffs' calculations, Defendant was "short" four cows upon surrender, which were valued at $800.00 each pursuant to paragraph 9 of the Stipulation (which calculated an animal's value in the event of a shortfall upon surrender). Thus, Plaintiffs assert that Defendant owes Plaintiffs $3,200.00, less the sale proceeds from the four disputed cows in the amount of $1,289.93.

Plaintiffs have presented affidavit evidence regarding communications among the parties, both prior to and after execution of the Stipulation. Plaintiffs' intent in presenting that evidence is to show that at all times the parties understood that the "Surrender Animals" referenced in the Stipulation were animals that were subject to the lease between the parties.

However, I find that such evidence is not relevant to interpretation of the Stipulation since the Stipulation is not ambiguous. The Stipulation simply requires Defendant to surrender a stated number and type of animals. Pursuant to paragraph 3 of the Stipulation, Plaintiffs had the right upon execution of the Stipulation to perform a final inspection of the animals to ensure that their condition had not changed since Plaintiffs' last inspection. Upon approval of the condition by Plaintiffs, the surrender would occur. Upon and after surrender, Plaintiffs would have no further right to reject the animals. The inspection and surrender did occur, therefore, Plaintiffs have no right to reject any of the Surrender Animals. It is undisputed that Defendant surrendered the requisite number and type of animals. Accordingly, the Stipulation has been fully performed by Defendant.

IT IS, THEREFORE, ORDERED as follows:

1. Since the Stipulation has been approved by this Court, the Nebraska Brand Committee (or any other party holding the proceeds checks) is ordered to immediately disburse the proceeds in accordance with the terms of the Stipulation, subject to any adjustment necessary as a result of an apparent $5.00 error in connection with one of the checks;

   2.  Defendant and Plaintiffs shall each file a status report immediately upon receipt of the proceeds allocated to them.  Upon the filing of those status reports, this case shall be closed; and

   3.  Defendant's request for sanctions (Fil. #27) is denied.

   DATED:  April 29, 2009.

            BY THE COURT:

            /s/ Thomas L. Saladino
            Chief Judge

Notice given by the Court to:
  James R. Korth
  *Joe M. Hawbaker
  James A. Overcash
  U.S. Trustee

Movant(*) is responsible for giving notice to other parties if required by rule or statute.